IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 22 CR 58 |
| | ) | Hon. Elaine Bucklo |
| DONALD HENKEL | ) | |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

NOW COMES the defendant, Donald Henkel, by and through his attorney, Michael F. Clancy, and pursuant to Fed. R. Crim. P. 12(b)(3)(C) moves to suppress statements made to federal agents on July 7, 2020. In support of this motion, the defendant states as follows:

1. Donald Henkel is charged with wire fraud, in violation of Title 18, United States Code, Section 1343.

2. On July 7, 2020, around 10:40 a.m., Donald Henkel was at his residence in Cedar, Michigan. Numerous federal agents arrived at Henkel's home to execute a warrant to search his person and property. Henkel was not free to leave that location while the search occurred.

3. Over the course of the next four-plus hours, two agents proceeded to question Henkel at his doorstep, in his driveway, and in his backyard. No *Miranda* warnings were provided to Henkel prior to that custodial interrogation.

4. In response to questioning designed to elicit incriminating responses, Henkel made incriminating statements.

1

5.     The defense reasonably expects the Government to introduce unwarned statements made by Henkel into evidence at the trial of this cause.

6.     In *Miranda v. Arizona*, the Supreme Court effectuated the Fifth Amendment's privilege against self-incrimination in the context of custodial interrogations, holding that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of a defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). By custodial interrogation, courts mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in a meaningful way. *Id.*

7.     Two discrete inquiries are essential to determining if a custodial interrogation has occurred. First, what were the circumstances surrounding the interrogation? Second, given those circumstances, would a reasonable person have felt he was at liberty to terminate the interrogation and leave? *See Thompson v. Keohane*, 516 U.S. 99, 112 (1995). The analysis is an objective one.

8.     "Custody" is a "term of art that specifies circumstances that are thought generally to present a serious danger of coercion." *Howes v. Fields*, 565 U.S. 499, 508-09 (2012). In determining whether a person is in custody, the initial step is to ascertain whether, in light of "the objective circumstances of interrogation," *Stansbury v. California*, 511 U.S. 318, 322-23, 325 (1994), a "reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and

leave." *Thompson*, 516 U.S. at 112. Courts should also determine whether the environment where the questioning occurred presents the same inherently coercive pressures as the type of station house questioning at issue in *Miranda*. *Howes*, 565 U.S. at 509.

9. Initially, with a plethora of armed federal agents on his property in possession of a warrant to search Henkel's person and property, Henkel was not free to leave or terminate the encounter. Henkel was home alone when Government agents entered onto his property, went into his home, and conducted a thorough search of his residence. As soon as he opened the door to his residence, Henkel was told that agents would be questioning him.

10. Henkel was not allowed to be in his home during the search, but instead was escorted by two agents first to his driveway, and then to his backyard. For over four hours, the two agents interrogated Henkel. The questioning was initiated by law enforcement after Henkel had been deprived of his freedom in a meaningful way.

11. A reasonable person in Henkel's situation would not have felt at liberty to stop the interrogation or leave the premises. In fact, a court order required Henkel to make his person available for searching. The circumstances surrounding the interrogation presented a serious danger of coercion. Henkel was not able to go anywhere, and was directed by federal agents to answer questions. Two agents remained at his side for the duration of the questioning. Inexcusably, the prophylactic *Miranda* warnings were disregarded despite a custodial interrogation taking place.

12. The statements made by Donald Henkel to federal agents on July 7, 2020, during the custodial interrogation at his residence, violated his privilege against self-incrimination and should be suppressed.

WHEREFORE, based on the foregoing, Donald Henkel moves this Honorable Court to conduct an evidentiary hearing and enter an order suppressing the statements made to law enforcement agents in violation of Henkel's *Miranda* rights, or grant any other appropriate and equitable relief.

Respectfully submitted,

s/ Michael F. Clancy

MICHAEL F. CLANCY
53 W. Jackson Blvd., Suite 1401
Chicago, IL 60604
(312) 427-0288