UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 22 CR 58 |
| v. ) | |
| ) | Judge Elaine Bucklo |
| DONALD HENKEL, ) | |
|    a/k/a "D.B. Henkel," ) | |
|    a/k/a "Donavan Kelly," ) | |
|    a/k/a "Bruce Kelly," ) | |
| MARK HENKEL, and ) | |
| RAYMOND PAPARELLA ) | |

**THE GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE
CONCERNING BUSINESS RECORDS**

The United States of America, by and through its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, hereby respectfully supplements its motion *in limine* for an order concerning the authenticity and admissibility of records covered by declarations certifying regularly conducted activity.

I. **BUSINESS RECORDS**

Under Federal Rule of Evidence 902(11), certified copies of domestic business records are self-authenticating if the party offering the records provides the adverse party written notice and allows the adverse party to inspect the exhibit and certification, allowing the party to challenge the authenticity of the records. The government has produced in discovery the certifications described below (and attached hereto as Attachments A through P) as well as the documents covered by those certifications. This supplemental motion provides written notice to the

defendant concerning the government's intention to introduce records covered by the attached certifications at trial.

Under Federal Rule of Evidence 803(6), the records are an exception to the hearsay rule if the following conditions exist:

> (A) the records was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

The Seventh Circuit has consistently upheld the admission of business records through business records certifications, pursuant to Rules 803(6) and 902(11). *See, e.g., United States v. Green*, 648 F.3d 569, 580-81 (7th Cir. 2011); *United States v. Klinzing*, 315 F.3d 803, 809-10 (7th Cir. 2003) (holding that admission of pre-certified business records under Rules 803(6) and 901(11) does not violate the Confrontation Clause because the records have "sufficient guarantees of reliability"); (*United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (Seventh Circuit upheld the admissibility records through the use of Rule 902(11) certifications in light of Crawford).

The government moves the Court to find, pursuant to Federal Rule of Evidence 104, that the records at issue are authentic business records within the meaning of Federal Rule of Evidence 803(6). Rule 104 authorizes the Court to determine in

advance of trial "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence." This rule applies to all preliminary determinations, including the question of whether documents fall within the "business records exception" to the hearsay rule. *See United States v. Kasvin*, 757 F.2d 887, 893 (7th Cir. 1985) (affirming trial court's preliminary determination pursuant to Rule 104 that business records were admissible pursuant to Rule 803(6)).

## II. GOVERNMENT SEEKS ADMISISON OF CERTAIN BUSINESS RECORDS UNDER FRE 902(11) AND 803(6)

The government intends to introduce a variety of business records through certifications, including the records of banks, phone companies, local governments, accounting firms, and title companies. The government seeks an order concerning the authenticity and admissibility of the following as business records under Federal Rules of Evidence 902(11) and 803(6), which will save the parties, the Court, and the jury members significant time and resources, as the certifications will obviate the need for live witness testimony from several witnesses whose primary purpose would be to authenticate business records:

Attachment A contains a declaration certifying records of regularly conducted activity received from Chemical Bank. The certification applies to records bearing production numbers beginning with FBIGJ_001-000361 through FBIGJ_001-000748. These records concern the Chemical Bank account ending in x1618.

Attachment B contains a declaration certifying records of regularly conducted activity received from AT&T. The certification applies to records bearing production

numbers beginning with FBIGJ_004-000021 through FBIGJ_004-000457. These records concern records related to telephone number ending in x5582.

Attachment C contains a declaration certifying records of regularly conducted activity received from Tracfone Wireless, Inc. The certification applies to records bearing production numbers beginning FBIGJ_004-000501 through FBIGJ_004-000507. These records concern records related to telephone number ending in x0205.

Attachment D contains a declaration certifying records of regularly conducted activity received from Verizon. The certification applies to records bearing production numbers beginning FBIGJ_001-000013 through FBIGJ_001-000211. These records concern telephone number ending in x7886.

Attachment E contains a declaration certifying records of regularly conducted activity received from Oath Holdings Inc. The certification applies to records bearing production numbers beginning FBIGJ_001-000319 through FBIGJ_001-000328. These records concern, among other things, subscriber information pertaining to the email address dbhenkel77@yahoo.com.

Attachment F contains a declaration certifying records of regularly conducted activity received from Bank of America. This certification applies to records bearing production numbers FBIGJ_002-015010 through FBIGJ_002-015526. These records concern a checking account ending in x8803 and a credit card ending in x9086.

Attachment G are declarations certifying records of regularly conducted activity received from Suntrust Bank, Inc. The certification applies to records bearing production numbers beginning FBIGJ_001-014226 through FBIGJ_001-014259,

FBIGJ_001-014268 through FBIGJ_001-014273, FBIGJ_002-010467 through FBIGJ_002-010494. These records concern Suntrust Bank, Inc. account ending x0683.

Attachment H contains a declaration certifying records of regularly conducted activity received from Google, LLC. The certification applies to records bearing production numbers beginning FBIGJ_001-000337 through FBIGJ_001-000347. These records concern records pertaining to the email address patrickgrows@gmail.com.

Attachment I contains a declaration certifying records of regularly conducted activity received from Google, LLC. The certification applies to records bearing production numbers beginning FBIGJ_001-002704, FBIGJ_001-002709 through FBIGJ_001-002718. These records concern, among other things, subscriber information pertaining to the email address raypapesq@gmail.com.

Attachment J contains a declaration certifying records of regularly conducted activity received from PNC Bank. The certification applies to records bearing production numbers beginning FBIGJ_001-010333 through FBIGJ_001-010379. These records concern PNC Bank account ending in x0739.

Attachment K contains a declaration certifying records of regularly conducted activity received from Bank of America. The certification applies to records bearing production numbers beginning FBIGJ_001-010381 through FBIGJ_001-010381, GJ-1A69_001-000001, GJ-1A69_001-000010, GJ-1A69_001-000012 through GJ-1A69_001-000021. These records concern Bank of America account ending in x6721.

Attachment L contains a declaration certifying records of regularly conducted activity received from Bank of America. The certification applies to records bearing production numbers beginning FBIGJ_002-016260 through FBIGJ_002-016271, FBIGJ_002-016276 through FBIGJ_002-016341, FBIGJ_002-016715 through FBIGJ_002-016727. These records concern Bank of America account ending in x6721.

Attachment M contains a declaration certifying records of regularly conducted activity received from Bank of America. The certification applies to records bearing production numbers beginning FBIGJ_002-016438 through FBIGJ_002-016503, FBIGJ_002-016506. These records concern Bank of America account ending x8554.

Attachment N contains a declaration certifying records of regularly conducted activity received from Bank of America. The certification applies to records bearing production numbers beginning FBIGJ_002-016765, FBIGJ_002-016812 through FBIGJ_002-016839. These records concern Bank of America account ending x6494.

Attachment O contains a declaration certifying records of regularly conducted activity received from DCFU Financial. This certification applies to records bearing production numbers beginning FBIGJ_002-002156, FBIGJ_002-002158 through FBIGJ_002-002312. These records concern DCFU Financial account number ending in x1863, member number ending in x8002, and member number ending in x0188.

Attachment P contain declarations certifying records of regularly conducted activity received from Wells Fargo. This certification applies to records bearing production numbers beginning FBIGJ_002-016196, FBIGJ_002-016206 through

6

FBIGJ_002-016213, FBIGJ_002-016226 through FBIGJ_002-016232. These records concern Wells Fargo Bank N/A account numbers 4369 and 6778.

        Respectfully submitted,

        ANDREW S. BOUTROS
        United States Attorney

By:   */s/ Kristin M. Pinkston*
        KRISTIN M. PINKSTON
        KELLY GUZMAN
        Assistant United States Attorneys
        219 South Dearborn Street, 5th Floor
        Chicago, IL 60604
        (312) 353-5300